**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:  THEODORE BUTLER and
       SUSAN BUTLER,

                                       Chapter 13
                                       Case No.  07-24773 (RTL)

        Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## OPINION

**APPEARANCES:**

Linda S. Reinheimer, Esq.
Reinheimer & Reinheimer
Attorneys for the Debtor

William M.E. Powers, III, Esq.
Powers Kirn, LLC
Attorneys for
Secured Creditor The Credit Union Loan Source, LLC

**RAYMOND T. LYONS, U.S.B.J.**

## INTRODUCTION

Before the court is the Debtors' request for attorney fees. The request came in response to a stay relief motion that was eventually withdrawn, and the Debtors sought their attorney's fees resulting from defending the baseless motion. Because the Debtors did not comply with the Bankruptcy Rule 9011(c) requirements of notice and a separate motion for sanctions under Rule 9011, the Debtors' request for attorney fees is denied.

## JURISDICTION

This court has jurisdiction of this contested matter under 28 U.S.C. § 1334(a) and (b), 28

U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all cases and proceedings related to cases under Title 11 of the United States Code to the bankruptcy court.  This is a case and a core proceeding that may be heard and determined by a bankruptcy judge under 28 U.S.C. §157(b)(1) and (2)(G), arising out of a proceeding to terminate the automatic stay.

## BACKGROUND

The request for sanctions arose out of a stay relief motion filed by The Credit Union Loan Source, LLC, ("Loan Source") on April 20, 2009.  Loan Source sought to take possession of the 2003 Ford Escape SUV securing its retail installment sale contract with the Debtors.  In its moving papers, Loan Source argued that the Debtors were in significant arrears and it questioned whether the vehicle was properly insured.  A certification from a bankruptcy specialist employed at Loan Source included a payment history table showing that the Debtors made no payments since their bankruptcy petition on October 12, 2007; the Debtors were allegedly 18 months behind on post-petition payments, amounting to $6,149.66 of arrears (with costs included).  The stay relief motion was returnable on May 19, 2009, and opposition was due on May 12, 2009. D.N.J. LBR 9013-1(d)(1) and 4001(b).

On May 15, 2009, the Debtors filed late opposition to Loan Source's stay relief motion. The Debtors contended that they were in fact current on their car payments.  Included with their opposition were bank statements and wire transfer authorizations that corroborated each month's payment.  In addition, the Debtors contacted Loan Source upon receipt of the stay relief motion and confirmed with a telephone representative that only the instant month's payment was due. The return date of the motion was adjourned to June 19, 2009.  Before the new date, Loan Source withdrew its stay relief motion on June 15, 2009, in apparent recognition of its mistake.

Because Loan Source's certification was clearly false and the Debtors were forced to incur attorney's fees to oppose the questionably supported stay relief motion, the Debtors requested $1,000 in sanctions in their opposition.

## **DISCUSSION**

Though the Debtors provide no authority in support of their request for sanctions, the court presumes they seek relief under Bankruptcy Rule 9011. Rule 9011 requires that submissions to the court must be signed by attorneys; this certifies that, to the best of the attorney's knowledge and formed after reasonable inquiry, the document is not being presented to the court for an improper purpose. *In re Nicola*, 258 B.R. 329, 334 (Bankr. E.D. Pa. 2001); FED. R. BANKR. PROC. 9011. Should an injured party believe that there has been an improper submission, he may move for sanctions under subsection (c)(1)(A). In relevant part, it provides that, "[a] motion for sanctions under this rule shall be made separately from other motions . . ." and prohibits the motion from being heard unless, "21 days after service . . . the challenged paper, claim, defense, contention allegation, or denial is not withdrawn or appropriately corrected . . . ." FED. R. BANKR. PROC. 9011(c)(1)(A). If a moving party does not abide by the twenty-one day notice period, the motion must be denied. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008). These requirements form the "safe harbor" prerequisite that allows inadvertently offending parties to ameliorate any defects, ultimately effectuating the goal of the peaceable policing of submissions before the court. *See id*. In light of this, sanctions are reserved for the most recalcitrant, unyielding of parties truly wishing to burden the court with abusive submissions.

Alternatively, the Debtors may be implicitly asserting authority through the inherent power of the court to impose sanctions. As the Supreme Court wrote in *Chambers v. NASCO,*

*Inc.*, "It has long been understood that certain implied powers must necessarily result to our Courts . . . . Because of their very potency, inherent powers must be exercised with restraint and discretion. . . . [I]n narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel." 501 U.S. 32, 43-45 (1991) (internal quotations omitted). The Supreme Court further requires courts to "make a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980).

Even a merely reckless filing is insufficient to justify sanctions. As the Ninth Circuit explained,

> Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass. Thus, while it is true that reckless filings may be sanctioned, and nonfrivolous filings may also be sanctioned, reckless nonfrivolous filings, without more, may not be sanctioned.

*Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 436 (9th Cir. 1996). The only evidence of "bad faith" offered by the Debtors is the mere fact that the lender's certification was false and was later withdrawn; an incorrect certification is not sufficient grounds for a court to find the requisite level of bad faith, frivolity, or intent of harassment. Because the court concludes that Loan Source's conduct was at worst, negligent, it cannot justify granting the Debtors' request for sanctions under its inherent powers.

As an additional matter, the court is not inclined to readily rely on its inherent power. *See Chambers*, 501 U.S. at 43-45. Here the policy behind the safe harbor provision of Rule 9011 is better served by leaving the parties where they are. The moving party made a mistake, but

once the mistake was brought to its attention, it promptly corrected the record and withdrew the offending pleading. The safe harbor is meant to accommodate mistakes that are quickly remedied.

## **CONCLUSION**

It is unfortunate that the Debtors were put in the position of incurring attorney's fees to defend an improper stay relief motion. However, Rule 9011 as currently written, attempts to strike a workable balance between providing relief for aggrieved parties while not crucifying offenders for infrequent and genuine mistakes that occur as a result of the human condition. As is such, parties must abide by the requirements of Rule 9011 to be eligible for relief. The request for sanctions is denied.

Dated: August 18, 2009        **/S/Raymond T. Lyons**
United States Bankruptcy Judge